IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAL BERRY,** | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| **EXPERIAN INFORMATION SOLUTIONS, LLC,** | : | |
| | : | |
| *Defendant.* | : | NO. 23-cv-01435 |

**MEMORANDUM**

**KENNEY, J.**                                                                                                        **June 20, 2023**

### I.     INTRODUCTION

Plaintiff Jamal Berry ("Plaintiff") brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* against Defendant Experian Information Solutions, Inc.[1] ("Defendant"). For the reasons set forth below, the Court will grant Defendant's Motion and dismiss this case in its entirety. An appropriate Order will follow.

### II.    BACKGROUND & PROCEDURAL HISTORY

This case relates to the reporting of Plaintiff's credit report. Liberally construing Plaintiff's Complaint, Plaintiff alleges that Defendant removed two American Express and two Affirm accounts from his credit report following a reinvestigation of those accounts. ECF No. 1-1 at 10. However, after the reinvestigation, Defendant continued to report Pennsylvania State Employees Credit Union ("PSECU") accounts as "actively delinquent" and with "charge offs" because PSECU reported that the information was accurate. *Id.* at 6, 11. Nevertheless, Plaintiff alleges that

---

[1] Improperly named as "Experian Information Solutions, LLC."

1

his credit report contains inaccuracies, which have caused "denials for credit products, decreased credit scores, . . . serious harm mentally knowing the information was inaccurate and an invasion of privacy." *Id.* at 4. According to Plaintiff, Defendant negligently or willfully failed to maintain and follow reasonable procedures to ensure maximum possible accuracy of the information reported to third parties. *Id.* at 6.

On January 19, 2023, Plaintiff filed suit against Defendant in the Court of Common Pleas in Philadelphia County (No. 230101927). ECF No. 6-4 at 2. Plaintiff's only substantive allegation was "DEFAMATION OF CHARACTER," for which he requested monetary relief of $5,000. *Id.* Attached to the Complaint were several exhibits, including: (1) an "invoice" to Defendant for alleged FCRA violations related to an American Express account, a Capital One account, an Apple card, and two Affirm accounts; (2) two complaints to the Consumer Financial Protection Bureau ("CFPB") for alleged FCRA violations and Defendant's responses thereto; and (3) screenshots of his credit report file and associated disputes. *Id.* at 3–18. On February 10, 2023, the Court of Common Pleas dismissed Plaintiff's Complaint with prejudice for failure to state a claim pursuant to Rule 240(j)(1). *Id.* at 20.

On February 15, 2023, Plaintiff again filed a Complaint against Defendant in the Court of Common Pleas in Philadelphia County (No. 230201534). ECF No. 6-5 at 2. This time, Plaintiff elaborated on his "Defamation of Character" claim. *Id.* Specifically, Plaintiff provided the following:

> Defamation Of Character (Libel), by way of admission to inaccurate and unfair credit reporting, failure to obtain permissible purpose, and willful noncompliance. All of which caused discriminatory acts to be taken upon me such as denials for credit products, caused serious harm mentally knowing the information was inaccurate and an invasion of privacy.

2

*Id.* Again, Plaintiff requested monetary relief of $5,000. *Id.* Again, Plaintiff attached the same three sets of exhibits. *Id.* at 4–28. Again, on February 17, 2023, the Court of Common Pleas dismissed the case with prejudice pursuant to rule 240(j)(1). *Id.* at 30.

On February 28, 2023, Plaintiff filed the instant action against Defendant in the Court of Common Pleas in Philadelphia County (No. 2302057897), again seeking $5,000 in monetary relief. ECF No. 1-1 at 4–7. This time, Plaintiff articulated a FCRA claim and further alleged that Defendant "defamed Plaintiff's character by . . . constantly reporting inaccuracies on [his] consumer report." *Id.* at 6. Yet again, Plaintiff attached the same exhibits as in the first two actions. *Id.* at 9–25. This time, the Court of Common Pleas granted Plaintiff's motion to proceed *in forma pauperis* on March 17, 2023. *Id.* at 27. On April 14, 2023, Defendant removed the case to the Eastern District of Pennsylvania. ECF No. 1. On May 17, 2023, Defendant filed this Motion to Dismiss (ECF No. 6), and Plaintiff filed a Response (ECF No. 8) the following day. This Motion was fully briefed on May 25, 2023. ECF Nos. 10, 11.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). The Court will grant a motion to dismiss if the factual allegations do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted). To plead a facially plausible claim, the plaintiff must plead factual content that allows the Court to draw the inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court accepts as true the factual allegations contained in the complaint but disregards rote recitals of the elements of a cause of action, legal conclusions, and conclusory statements. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Importantly, though, the Court must liberally construe a *pro se* Complaint, the same procedural rules apply to a *pro se* litigant just as to any other. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## IV.    DISCUSSION

This case must be dismissed due to the preclusive effect of *res judicata*. The doctrine of *res judicata* bars the re-litigation of previously raised claims and those that *could have* been previously raised. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). This doctrine is important because it "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Garland v. Gardner*, 20-cv-1823, 2020 WL 3078381, at *4 (E.D. Pa. June 10, 2020) (cleaned up). In Pennsylvania, *res judicata* applies when the prior action was "on the merits" and when there is identity of: (1) the "thing sued upon or for"; (2) the cause(s) of action; (3) the parties; and (4) the "capacity of the parties." *Garland v. Knorr*, 19-cv-2996, 2020 WL 3034811, at *12 (E.D. Pa. June 5, 2020). Finally, the Court "must give the same preclusive effect to the judgment in the common

pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Gardner*, 2020 WL 3078381, at *4 (cleaned up).

First, Plaintiff's prior actions were decided on the merits. *See Knorr*, 2020 WL 3034811, at *12. This is so because Rule 240(j)(1) dismissals constitute "final adjudication[s] 'on the merits' for purposes of *res judicata*." *Id.*; *see also Gardner*, 2020 WL 3078381, at *5; *Walker v. Wetzel*, 20-cv-1608, 2022 WL 433161, at *5 (W.D. Pa. Feb. 11, 2022). Accordingly, the first requirement of *res judicata* is satisfied.

Second, the prior actions and this action share common identities. In the prior actions, Plaintiff sought relief related to the same "things" at issue: two American Express accounts, two Affirm accounts, and four PSECU accounts, as demonstrated through the exhibits attached to each Complaint. *See* ECF Nos. 6-4, 6-5. The same accounts are at issue here. ECF No. 1-1. The cause of action is the same because "the subject matter and the ultimate issues are the same in both the old and new proceedings." *Knorr*, 2020 WL 3034811, at *13. Again, the accounts (i.e., the subject matter) are identical. And although the claims asserted are different, both ultimately involve the same issue: whether the Defendant's reporting is accurate or inaccurate (and thus defamatory). Importantly, the claims *actually* raised need not be identical. Rather, the determinative question here is whether Plaintiff's FCRA claim *could have* been brought at the same time as his initial defamation suits. *See In re Mullarkey*, 536 F.3d at 225; *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) ("*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of

5

action."). Indeed, it could have been.[2] Additionally, there can be no serious dispute that the parties in each action, and their capacities as "consumer" and "credit reporting agency," are identical.

Accordingly, both conditions of *res judicata* have been met, and its preclusive effect must be applied here. Moreover, any amendment based on the facts at issue here would be futile.

## V.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 6) will be granted and this case will be dismissed with prejudice.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**

---

[2] The Court observes that the first two actions included attachments referencing the FCRA by statute, including complaints filed with the CFPB and "invoices" created by Plaintiff. Importantly, FCRA claims may be brought in "any appropriate United States district court . . . *or in any other court of competent jurisdiction*." 15 U.S.C. § 1681p (emphasis added). Indeed, the FCRA "allows the plaintiff to commence an action in [state] court." *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 862 (W.D. Pa. 1976). Accordingly, the Court can only reasonably infer that Plaintiff was aware of the possible FCRA violation, was empowered to bring such a claim in state court, and yet chose to forego this claim.